[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 16, 2005
THOMAS K. KAHN
CLERK

No. 05-11360
Non-Argument Calendar

_____

BIA Agency Nos. A78-599-272 & A78-599-273

LILIAN VARGAS HIDALGO,
HENRY BARRANTES MURILLO, et al.,

                                                                    Petitioners,

versus

U.S. ATTORNEY GENERAL,

                                                                    Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(November 16, 2005)

Before BIRCH, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Lilian Vargas Hidalgo (Vargas), her husband Henry Murillo Barrantes (Murillo), and their five children, natives and citizens of Costa Rica, seek review of the Board of Immigration Appeals' (BIA's) decision affirming the Immigration Judge's (IJ's) orders finding them removable and denying their applications for withholding of removal under the Immigration and Nationality Act (INA), 8 U.S.C. § 1231(b)(3),[1] and relief under the United Nations Convention Against Torture and Other Forms of Cruel, Inhuman or Degrading Treatment or Punishment (CAT), 8 C.F.R. § 208.16(c).[2]

Petitioners argue the IJ erred in finding they failed to establish a likelihood of future persecution based on a protected ground. They argue the evidence showed they would suffer persecution if forced to return to Costa Rica because Murillo informed authorities of a drug operation involving members of the Costa Rican police force. They contend this threat of future persecution compels the

---

[1] Because Petitioners' removal proceedings commenced after April 1, 1997, the effective date of the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA), this case is governed by the permanent provisions of the INA, as amended by IIRIRA. *Gonzalez-Oropeza v. U.S. Att'y Gen.*, 321 F.3d 1331, 1332 (11th Cir. 2003).

[2] Petitioners also applied for asylum. The IJ, however, ruled the asylum application was untimely, and thus, pretermitted. Petitioners did not challenge this ruling before the BIA and do not challenge it in their petition for review. Accordingly, Petitioners have abandoned any issues related to their application for asylum. *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

conclusion that they would be persecuted based on an expressed or imputed political opinion. We deny their petition.

## I. DISCUSSION

When the BIA issues a decision, we review only that decision, except to the extent the BIA expressly adopts the IJ's decision. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). "Insofar as the [BIA] adopts the IJ's reasoning, we will review the IJ's decision as well." *Id.* Here, the BIA expressly adopted the IJ's reasoning and briefly articulated its reasons for doing so. Thus, we review the decisions of both the IJ and the BIA.

The BIA's legal determinations are reviewed de novo. *Mohammed v. Ashcroft*, 261 F.3d 1244, 1247-48 (11th Cir. 2001). The BIA's factual determinations are reviewed under the substantial-evidence test, and we must affirm the BIA's decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole. *Al Najjar*, 257 F.3d at 1283-84. The substantial evidence test is deferential and does not allow re-weighing the evidence from scratch. *Mazariegos v. Office of U.S. Att'y Gen.*, 241 F.3d 1320, 1323 (11th Cir. 2001). To reverse an IJ's factual findings, we must find the record not only supports reversal, but compels it. *Mendoza v. U.S. Att'y Gen.*, 327 F.3d 1283, 1287 (11th Cir. 2003).

3

Under the INA, an alien shall not be removed to a country if his life or freedom would be threatened in that country on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1231(b)(3). The burden of proof is on the alien to show his eligibility for withholding of removal by demonstrating he is more likely than not to be persecuted or tortured upon being returned to his country. *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1232 (11th Cir. 2005). An alien who has not shown past persecution may still be entitled to withholding of removal if he can demonstrate a future threat to his life or freedom based on a protected ground. *Sanchez v. U.S. Att'y Gen.*, 392 F.3d 434, 437-38 (11th Cir. 2004).

The INA protects against persecution not only by government forces but also by non-governmental groups the government cannot control. *Id.* at 437. However, an applicant seeking asylum on account of persecution by, for example, a guerilla group must establish the guerillas persecuted him or will persecute him on account of his actual or imputed political opinion, not the guerilla group's political opinion. *See id.* It is not enough for an applicant to show he was or will be persecuted due to his refusal to cooperate with the guerillas. *Id.*

To obtain relief under the CAT, the burden is on the applicant to establish it is "more likely than not" he will be tortured in the country of removal. 8 C.F.R. § 208.16(c)(2). Torture is defined as:

4

any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining from him or her or a third person information or a confession, punishing him or her for an act he or she or a third person has committed or is suspected of having committed, or intimidating or coercing him or her or a third person, or for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity.

8 C.F.R. § 208.18(a)(1). To constitute torture, an act must be specifically intended to inflict severe physical or mental pain or suffering. 8 C.F.R. § 208.18(a)(5). The likely torture must be at the hands of the government or performed with government acquiescence. *Sanchez*, 392 F.3d at 438.

The evidence does not compel a different result than those rendered by the IJ and the BIA. First, Petitioners have not shown an expressed or imputed political opinion warranting withholding of removal under the INA. Even if opposing drug trafficking were a political opinion, Petitioners have not shown the government's lack of control over drug trafficking groups. In fact, the arrest, conviction, and 16-year sentence imposed on the police colonel involved in the drug operation all indicate Costa Rica is willing and able to take a stand against drug dealers.

Second, Petitioners have not shown government acquiescence to their alleged torture threats, as required by the CAT. The evidence showed the threat of harm to Petitioners mostly derived from criminals, not the government. To the

5

extent that government officials were involved, they appear to have been rogue employees not carrying out governmental instructions.

## II. CONCLUSION

Substantial evidence supports the IJ's denial of Petitioners' withholding of removal and CAT claims. Petitioners did not establish any likelihood of persecution or torture with any nexus to a protected ground. Instead, the record merely shows Petitioners were vaguely threatened by a group of criminals, a few of whom may have been rogue government employees, who were unhappy about being caught. Accordingly, we deny their petition for review.

**PETITION DENIED.**